FILED

2013 APR -8 PM 4:02

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOND SAFEGUARD INSURANCE
COMPANY and LEXON INSURANCE
COMPANY,

    Plaintiffs,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

    Defendant.
_____/

Case No.: 6:13-cv-561-ORL-37-GJK

State Court Case No.: 2013-CA-003350-O

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, National Union Fire Insurance Company of Pittsburgh, Pa., ("National Union" or "Defendant") hereby removes this action from the Circuit Court, Ninth Judicial Circuit, Orange County, where it is currently pending, to the United States District Court for the Middle District of Florida, Orlando Division. The Court has jurisdiction over this action, and it is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support of this removal, National Union states as follows:

1.     Plaintiffs Bond Safeguard Insurance Company and Lexon Insurance Company ("Plaintiffs") commenced this declaratory action on or about March 14, 2013, by filing a Complaint against National Union in the Circuit Court of Orange County, bearing Case Number 2013-CA-003350-O. Plaintiffs' suit arises out of the interpretation of an insurance policy. Plaintiffs have a judgment against the insured and are suing as assignees of the

26600193.3

insured.

2. In the state court complaint, Plaintiffs allege that an insurance policy issued to Land Resource, LLC by National Union provides coverage to James Robert Ward for damages that Ward caused Plaintiffs while employed as CEO for Land Resource. (Complaint, ¶11).

3. Plaintiffs previously sued Ward in federal court in Orlando. (Complaint, Ex. B). The allegations in the earlier complaint focused on the actions of Ward and Land Resource in developing and selling lots in residential real estate subdivisions. In the earlier federal suit, Plaintiffs alleged that Ward was negligent in supervising infrastructure improvements for various real estate developments and that Ward failed to properly manage the financial obligations of Land Resource. (Complaint, Ex. B, ¶ 27). Plaintiffs issued Subdivision Bonds in connection with the real estate projects. Subsequently, Plaintiffs received notices of default in connection with the Subdivision Bonds concerning Land Resource's failure to complete improvements for the residential subdivisions. (Complaint, Ex. B, ¶34). In the earlier federal suit, Plaintiffs claimed damages of over $40 million due to Ward's actions. (Complaint, Ex. B, ¶ 38A). Ward later consented to the entry of a Stipulated Final Judgment against him in the amount of $40,410,729.03. (Complaint, Ex. D). Ward also assigned to Plaintiffs his rights in the insurance policy between Land Resource and National Union. (Complaint, ¶1).

4. In this Complaint against National Union, Plaintiffs claim that National Union failed to provide a legal defense and advance costs to Ward in the earlier litigation and improperly denied insurance coverage. (Complaint, ¶1). Plaintiffs now bring an action for

declaratory relief against National Union seeking to establish that coverage existed under the insurance policy, that National Union breached that policy, and that Plaintiffs are entitled to damages. (Id.) Plaintiffs claim damages of approximately $40 million. (Id. at ¶ 12).

5. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and National Union has satisfied the procedural requirements for removal.

## GROUNDS FOR REMOVAL

6. This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, no defendant is a citizen of the State of Florida.

### A. Complete Diversity Of Citizenship Exists Between The Parties.

7. Plaintiffs are, and were at the time of filing this action, citizens of Illinois, Kentucky, and Tennessee. (See Complaint, ¶¶ 3-4). Plaintiff Bond Safeguard Insurance Complaint is, and was at the time of filing this action, a corporation organized under the laws of the state of Illinois with its principal place of business in Tennessee. (Id. at ¶ 3). Therefore, Plaintiff Bond Safeguard Insurance Company is a citizen of the States of Illinois and Tennessee for the purposes of diversity. See 28 U.S.C. § 1332(c)(1).

8. Plaintiff Lexon Insurance Company is, and was at the time of filing this action, a corporation organized under the laws of the state of Kentucky with its principal place of business in the State of Tennessee. (See Complaint, ¶ 4). Therefore, Plaintiff Lexon

Insurance Company is a citizen of the States of Kentucky and Tennessee for the purposes of diversity. See 28 U.S.C. § 1332(c)(1).

9. Plaintiffs allege that "National Union was and is a Pennsylvania insurance company authorized to do business in Florida." (Complaint, ¶ 5). National Union is, and was at the time of this action's filing, a corporation organized under the laws of Pennsylvania with its principal place of business in New York. (See Declaration of Steven Brodie) (attached as Exhibit B). Therefore, Defendant National Union is a citizen of Pennsylvania and New York for purposes of diversity.[1] See 28 U.S.C. § 1332(c)(1); see also Rollo v. Keim, No. 3:09cv146/MCR/EMT, 2009 WL 1684612, at *2 n.4 (N.D. Fla. June 16, 2009) (holding that "[a] plaintiff cannot avoid federal diversity jurisdiction by incompletely or incorrectly alleging a party's citizenship under § 1332" and that a removing defendant may allege its own citizenship in its removal papers); Huchon v. Jankowski, No. 06-10094CIVMOORE, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (holding that

---

[1] This suit is not a "direct action" against an insurer under 28 U.S.C. § 1332(c)(1). See, e.g., Jennings Constr. Servs. Corp. v. Ace Am. Ins. Co., No. 6:10-cv-1671-Orl-28KRS, 2011 WL 1357689, at *2 (M.D. Fla. Mar. 16, 2011) (suit for breach of insurance contract brought by insured's third-party assignee against the insurer was not such a "direct action"), adopted by 2011 WL 1365020 (M.D. Fla. Apr. 11, 2011). Therefore, the insured's citizenship is irrelevant to National Union's citizenship. See Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985) ("direct actions" are limited to "suit[s] against the other's liability insurer without joining the insured or first obtaining a judgment against him") (emphasis added); Castilla v. Nat'l Union Fire Ins. Co., No. 11-62086-CIV, 2011 WL 4916307, at *1 (S.D. Fla. Oct. 17, 2011) (same); Salcedo v. Charter Oak Fire Ins. Co., No. 6:11-cv-738-Orl-28DAB, 2011 WL 2649969, at *4-*5 (M.D. Fla. June 14, 2011) (plaintiff holding judgment against insured and suing insurer based upon insured's assignment of rights did not maintain a "direct action"), adopted by 2011 WL 2669158 (M.D. Fla. July 6, 2011); Kong v. Allied Prof'l Ins. Co., No. 8:07-cv-2142-T-17MSS, 2008 WL 2741970, at *3-*5 (M.D. Fla. July 10, 2008) (applying the same general rule); Biggin v. RLI Ins. Co., No. 6:06-CV104-ORL19KRS, 2006 WL 462669, at *2-*3 (M.D. Fla. Feb. 27, 2006) (same).

"allegations of diversity, however, are not required to exist *in* the [c]omplaint" and the removing defendants may establish their own citizenship) (emphasis in original).

10. Thus, there is complete diversity among the parties because the Plaintiffs are citizens of Illinois, Kentucky, and Tennessee, while National Union is not. See generally Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (party establishes diversity by showing that parties are not citizens of the same state).

### B. The Amount-In-Controversy Requirement Is Satisfied.

11. It is apparent from the face of the Complaint that the amount in controversy in this case substantially exceeds $75,000, exclusive of interest and costs. Plaintiffs claim "damages . . . of at least $40,410,729.03" for "full coverage under the Policy." (Complaint, ¶¶ 12, 28-29). Those allegations meet the amount-in-controversy requirement and satisfy 28 U.S.C. § 1332(a). See Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) ("when the complaint seeks damages exceeding $75,000, a removing defendant may rely on the plaintiff's valuation of the case to establish the amount in controversy"); see also Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.").

### C. The Other Prerequisites For Removal Have Been Satisfied.

12. In addition to satisfying the requirements of diversity jurisdiction, National Union has satisfied all other requirements for removal.

13. National Union was served with the Complaint in this action on March 18, 2013. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because removal has occurred within 30 days of National Union's receipt of the Complaint.

14. The Circuit Court of Orange County is located within the Middle District of Florida, Orlando Division. *See* 28 U.S.C. § 1441(a).

15. No defendant is a citizen of the State of Florida, where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

16. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of all process, pleadings, and orders served upon National Union, which papers include the Complaint, are attached collectively as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Orange County Circuit Court. A true and correct copy of the Notice of Filing Notice of Removal filed in the Ninth Judicial Circuit is attached within Exhibit A.

17. WHEREFORE, National Union respectfully removes this action from the Circuit Court of Orange County, bearing Case No. 2013-CA-003350-O, to this Court

Steven Brodie – Trial Counsel
Florida Bar Number 333069
Gwynne Young
Florida Bar Number 185582
Rebecca N. Shwayri
Florida Bar Number 0868531
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Facsimile: (813) 229-4133

Email: sbrodie@carltonfields.com
gyoung@carltonfields.com
rshwayri@carltonfields.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I CERTIFY that on the 5th day of April, 2013, a copy of this pleading was mailed to Tucker H. Byrd and Scottie N. McPherson, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1500, Orlando, Florida 32801.

_____
Attorney