eFiled in the Office of Clerk of Court, Orange County Florida 2013 Mar 05 03:32 PM Lydia Gardner

|  |  |
|---|---|
| BOND SAFEGUARD INSURANCE COMPANY and LEXON INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>    Defendant. | IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA<br><br>CASE NO. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, BOND SAFEGUARD INSURANCE COMPANY ("Bond Safeguard") and LEXON INSURANCE COMPANY ("Lexon") (Bond Safeguard and Lexon sometimes referred to collectively as "Plaintiffs"), sue Defendant, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. ("National Union"), and allege:

### INTRODUCTION

1. Defendant, National Union, having forsaken its promises in a Policy[1] to insured, James Robert Ward ("Ward'), by failing to provide him a legal defense and advance the costs related thereto, and by denying insurance coverage, in defending against the claims asserted by Plaintiffs, left Ward with no other reasonable choice than to consent to the entry of a judgment in favor of Plaintiffs for **$40,410,729.03**. As a condition of that consent, Ward assigned to Plaintiffs his rights, claims, and causes of action arising from Defendant's breach of the Policy,

---

[1] The term "Policy," refers to insurance policy number 391-59-47 issued by National Union to Land Resource, LLC ("Land Resource") which insured Ward as a director, officer, and employee of Land Resource.

and Plaintiffs, now standing in the shoes of Ward, and in their own rights, bring this action for declaratory relief to establish that indeed coverage existed under the Policy, that Defendant breached that Policy, and awarding damages to Plaintiffs.

## JURISDICTION, PARTIES, & VENUE

2. This is an action for damages that exceed $15,000.00, exclusive of costs, interests and attorney's fees.

3. At all times material to this action, Bond Safeguard was and is an Illinois company, having its principal place of business in the State of Tennessee.

4. At all times material to this action, Lexon was and is a Kentucky company, having its principal place of business in the State of Tennessee.

5. At all times material to this action, National Union was and is a Pennsylvania insurance company authorized to do business in Florida.

6. Under § 47.011, Florida Statutes, venue is proper in Orange County, Florida because the cause of action alleged in this Complaint accrued in Orange County.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. From March 31, 2008 through March 31, 2009, Ward was covered under the Policy issued by National Union to Land Resource because Ward was a director, officer, and employee of Land Resource. A true and correct copy of the Policy is attached hereto as **Exhibit "A."**

8. The Policy provided coverage for directors, officers, and employees of Land Resource for any alleged "Wrongful Acts" or "Related Wrongful Acts," which occurred in their respective capacities as directors, officers, or employees of Land Resource. The phrase "Wrongful Acts," by definition in the Policy, included any "breach of duty, neglect, error, misstatement, misleading statement, omission or act by the Individual Insured." The phrase

2

"Related Wrongful Acts," by definition in the Policy, included "Wrongful Acts which are the same, related or continuous or Wrongful Acts which arise from a common nucleus of facts."

9. Ward first made and reported Plaintiffs' claims on or around August of 2008, within the policy period, and tendered the defense to National Union.

10. On or about April 19, 2011, Plaintiffs filed a lawsuit against Ward in the United States Middle District of Florida, Case No. 6:11-cv-00641-GAP-DAB (the "Bond Safeguard Lawsuit"), involving the issuance of subdivision bonds issued by Plaintiffs for the development of certain residential subdivisions, including: (a) a community known as "Bridge Point at Jekyll Sound," in Camden County, Georgia; (b) a community known as "The Villages of Norris Lake," in Campbell County, Tennessee; (c) a community known as "Stillwater Coves," in Lincoln County, Georgia; (d) a community known as "Grey Rock," in Rutherford County, North Carolina; (e) a community known as "Cumberland Harbour," in Camden County, Georgia; and (f) a community known as "Whitestone," in Douglas County, Georgia. Plaintiffs had issued the subdivision bonds to insure the timely design and construction of infrastructure improvements as required by the applicable codes and other requirements set by the governmental entities.

11. In the Bond Safeguard Lawsuit, Plaintiffs sued Ward in his capacity as an director, officer, and employee of Land Resource, alleging, *inter alia*, that Ward had failed to fully and adequately disclose, or assure the full and accurate disclosure: (a) that Land Resource's business model, contrary to customary and reasonable industry standards and practices, did not segregate funds generated from sales in connection with any particular residential subdivisions for purposes of funding the construction of the infrastructure for that residential subdivision, a practice, while not illegal, materially increased the risks associated

with funding the costs of the infrastructure; (b) that Land Resource, beginning in at least 2005, had begun experiencing severe cash flow problems, because its estimated liabilities were greatly underestimated, and that problem impacted Land Resource's ability to adequately fund the cost of completing the required infrastructure for several of its residential subdivisions, most notably, with respect to the Grey Rock project in Rutherford County, North Carolina, which went almost entirely unfinished; (c) that the aforementioned severe cash flow problems materially emanated from, and materially were caused by, design and construction problems at the Grey Rock project, because Land Resource had hired design professionals and contractors which it knew, or should have known, were ill-suited and incompetent to perform the jobs for which they were retained; (d) that, as a result of the design and construction problems at Grey Rock, Land Resource was unable to construct the improvements in a timely, complete, and competent manner, depleting cash resources throughout Land Resource to the extent it negatively impacted other residential subdivisions; (e) that in response to inquiries from Plaintiffs, Ward failed to fully and accurately represent to Plaintiffs – until it was too late - that he believed the Grey Rock project was no longer financially feasible, and that Land Resource planned to continue pursuing completion of Grey Rock, which had become Land Resource's most-recognized project, solely to prevent damage to the overall Land Resource brand in the market, and that the financial well-being of the entire Land Resource organization was jeopardized.

12. As a direct and proximate result of Ward's negligent misrepresentations and nondisclosures, Plaintiffs had continued to issue numerous surety bonds in connection with the residential subdivisions; furthermore, Plaintiffs were not alerted to take remedial measures to enforce their suretyship remedies of exoneration and *quia timet*, that would have allowed

Plaintiffs to compel Land Resource to discharge its debts and liabilities for which the surety bonds were issued, causing damages to Plaintiffs of at least **$40,410,729.03**.

13. Plaintiffs amended the original Complaint and filed a Second Amended Complaint, alleging Ward committed the aforementioned acts of negligence. A true and correct copy of the Second Amended Complaint is attached hereto as **Exhibit "B."**

14. Ward forwarded the Second Amended Complaint to National Union, again tendering the defense to National Union, demanding that National Union provide Ward a defense and advance costs related thereto, and demanding that National Union provide insurance coverage to the claims asserted by Plaintiffs, because the claims qualified to be covered under the Policy.

15. On January 22, 2013, National Union refused to provide Ward a defense and advance costs, and denied coverage. A true and correct copy of the denial letter from National Union is attached hereto as **Exhibit "C."**

16. Having been left to his own resources, and without the benefit of insurance coverage to pay for a defense, and to avoid the increased risk of financial exposure to the Plaintiffs' claims, Ward consented to the entry of a Consent Judgment ("Consent Judgment') on January 29, 2013, in the amount of **$40,410,729.03**, which represented a reasonable award for the damages caused by the Wrongful Acts or Related Wrongful Acts of Ward against Plaintiffs. Under the settlement, Ward and Plaintiffs agreed that the Policy, and any rights, claims, and causes of action relating thereto against National Union, would be the only source of funds to satisfy the Consent Judgment. A true and correct copy of the Consent Judgment is attached hereto as **Exhibit "D."**

17. Ward assigned to Plaintiffs all his rights, claims, and causes of action relating to National Union's denial of the defense and coverage promised in the Policy.

18. Plaintiffs have performed all conditions precedent to bring this action, or such conditions have been met or otherwise waived.

19. Plaintiffs have retained the law firm of Morgan & Morgan, P.A., agreeing to pay its reasonable attorney's fees.

## COUNT I
## ACTION FOR DECLARATORY RELIEF

20. This is an action by Plaintiffs against National Union for declaratory and supplemental relief under Chapter 86, Florida Statutes.

21. Plaintiffs reallege, incorporate, and assert by reference the allegations set forth above in Paragraphs 1 through 19.

22. The Policy issued to Land Resource by National Union provides coverage to Ward for the acts and damages alleged by Plaintiffs in the Second Amended Complaint filed in the Bond Safeguard Lawsuit.

23. Land Resource and Ward timely furnished notice of the claim and otherwise performed all conditions precedent to invoke National Union's coverage obligations under the Policy.

24. National Union denied coverage to Ward, and as a result, Ward was forced to defend himself in the Bond Safeguard Lawsuit without the benefit and protections that should have been afforded to him by National Union under the Policy.

25. Having been left to his own resources, and to protect his interests, Ward entered into a settlement with Plaintiffs allowing for the entry of the Consent Judgment.

26. A judicial declaration is required to determine the parties' rights and obligations under the Policy, and whether Ward, and thus Plaintiffs as assignees, was entitled to coverage under the Policy for the claims asserted by Plaintiffs.

27. Plaintiffs and National Union have actual, present, adverse, and antagonist interests as to the enforceability of the Policy, and those antagonistic and adverse interests are all before the Court by proper process.

28. Plaintiffs seek a declaration and supplemental relief: (i) declaring that Ward, and Plaintiffs as assignees, are entitled to full coverage under the Policy; (ii) declaring that the settlement resulting in the entry of the Consent Judgment was reasonable and in good faith; and (iii) awarding damages for breach of the Policy.

29. Under § 627.428, Florida Statutes, Plaintiffs are entitled to recover from National Union all reasonable attorney fees and costs related to this litigation.

WHEREFORE, Plaintiffs demand judgment against National Union:

    (i) declaring that Ward, and Plaintiffs as assignees, are entitled to full coverage under the Policy;

    (ii) declaring that the settlement resulting in the entry of the Consent Judgment was reasonable and in good faith;

    (iii) awarding damages for breach of the Policy; and

    (iv) awarding reasonable attorney's fees and costs.

<center>&lt;REMAINDER OF PAGE BLANK&gt;</center>

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted: March 5, 2013.

_____
Tucker H. Byrd
Florida Bar No. 381632
Scottie N. McPherson
Florida Bar No. 085137
**MORGAN & MORGAN, P.A.**
20 North Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3406
Primary Email: TByrd@forthepeople.com
Secondary Email: SMcpherson@forthepeople.com
*Attorneys for the Plaintiffs*